Filed 12/26/27  P. v. Huston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>SHAQUILLE HUSTON,<br><br>      Defendant and Appellant. | C100334<br><br>(Super. Ct. No. 14F07830) |

In November 2017, defendant Shaquille Huston was convicted of first degree murder.  He appeals the trial court's denial of his third petition for resentencing under now Penal Code section 1172.6.  (Undesignated section references are to the Penal Code.)  His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and asks that we exercise our discretion to review the record for arguable issues on appeal.

1

Defendant filed a supplemental brief contending he "was entitled to a *Banks/Clark* sufficiency review,"[1] and requesting us to issue an "order to show cause and prove a reason for ineligibility for resentencing." We review these contentions and conclude none have merit. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. Defendant's Underlying Conviction

In November 2014, defendant and three companions robbed two victims of marijuana and an amplifier. One of the victims was shot and killed. (*People v. Stroupe* (Feb. 24, 2021, C086068) [nonpub. opn.] (*Stroupe*).)

In November 2017, a jury found defendant guilty of first degree murder with a special circumstance that the murder was committed during the commission of a robbery. However, the jury found not true an allegation that defendant personally used a firearm. The jury also convicted defendant of robbery, again finding not true a personal firearm-use allegation. (*Stroupe*, *supra*, C086068.) During trial, the jury was instructed on homicide solely on a felony-murder theory. The jury instructions on the robbery-murder special circumstance included the *Banks* factors, but not the *Clark* factors.

The trial court sentenced defendant to life without the possibility of parole for the first degree murder with the robbery-murder special circumstance. It also sentenced him to the lower term of two years for the robbery that was stayed. (*Stroupe*, *supra*, C086068.)

On appeal, this court rejected defendant's argument that the evidence was insufficient to support the robbery-murder special-circumstance finding that (1) he

---

[1] *People v. Banks* (2015) 61 Cal.4th 788, 803 (*Banks*) [identifying factors to guide juries on whether defendant was a "major participant"]. *People v. Clark* (2016) 63 Cal.4th 522, 618-623 (*Clark*) [identifying factors to guide juries on whether a defendant acted with "reckless disregard"].

intended to aid and abet the robbery before or at the time of the killing, or (2) that he was a major participant in the crime who acted with reckless indifference to human life. (*Stroupe*, *supra*, C086068.) This court also rejected defendant's argument that the jury instructions regarding the special circumstance were conflicting, instead finding there was no reasonable likelihood that the jury interpreted the instructions as allowing it to find the special circumstance true without also finding defendant was the actual killer, intended to kill, or was a major participant who acted with reckless indifference to human life. (*Ibid.*) This court modified the judgment to strike a fine and affirmed the judgment as modified. (*Stroupe*, *supra*, C086068.)

2. The 2019 and 2021 Section 1172.6 Petitions

Defendant filed a first section 1172.6 petition in January 2019; the trial court denied it in April 2019. This court dismissed defendant's appeal of the trial court's denial of the first petition, reasoning the trial court lacked jurisdiction to consider the petition given that defendant's direct appeal was still pending. (*People v. Huston* (Apr. 17, 2020, C089573) [nonpub. opn.].)

In December 2021, defendant filed a second section 1172.6 petition. The trial court denied the second petition in August 2022, noting that the jury had found true the robbery-murder special circumstance. As such, the trial court reasoned that the jury necessarily found true that defendant either acted with intent to kill as an aider and abettor or was a major participant who acted with reckless indifference to human life, meaning defendant was necessarily still guilty of murder even after the amendments to sections 188 and 189. There is nothing in the record indicating defendant appealed the trial court's denial of the second petition.

3. The 2023 Section 1172.6 Petition

Defendant filed a third section 1172.6 petition in September 2023. The trial court appointed counsel and ordered briefing.

3

The prosecution argued in its brief that the third petition was successive because neither the facts nor the law had changed since the prior filing. In addition, defendant was ineligible for relief given the jury found true the robbery-murder special circumstance after the *Banks* and *Clark* decisions had been issued.

Defendant responded that the robbery-murder special-circumstance finding and subsequent affirmation by this court did not preclude the petition, especially since the appellate standard is different than the standard to be applied in considering a section 1172.6 petition. Defendant noted that the jury had not been instructed on the *Clark* factors regarding reckless indifference. Citing *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), defendant also argued that a prior finding upholding a special circumstance is not necessarily a basis for denying a petitioner's section 1172.6 petition on a prima facie basis. Finally, defendant argued that his petition was not successive because the trial court had previously taken "the wrong side of a circuit split each time" in considering his prior petitions.

During the January 2024 prima facie hearing, the trial court noted there had been no change in the applicable law or facts since defendant's second petition and found the third petition was barred because it was successive. But even if it was not successive, the trial court stated it would still deny the third petition because the jury found the robbery-murder special circumstance to be true. And, given that defendant's trial took place in 2017, after *Banks* and *Clark* had been decided, the jury had properly been instructed with felony-murder instructions. Under the circumstances, the jury necessarily found beyond a reasonable doubt that defendant was a major participant who acted with reckless indifference to human life. Since defendant would still be guilty of murder even after the amendments to sections 188 and 189, he was ineligible for relief under section 1172.6 as a matter of law.

Defendant appeals from the order of the trial court denying his third petition for resentencing.

4

We evaluate the specific arguments presented but need not independently review the record. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 228-232.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see also § 189, subd. (e) [a defendant who neither was the actual killer nor acted with the intent to kill may be held liable for murder only if he or she was a "major participant in the underlying felony and acted with reckless indifference to human life"].)

Senate Bill 1437 also added section 1172.6 that allows those convicted of murder under a now-invalid theory of murder to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see also

5

*People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].) Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.)

We independently review the denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

In his supplemental brief, defendant appears to argue he was entitled to an evidentiary hearing. In support of his argument, defendant cites *In re Taylor* (2019) 34 Cal.App.5th 543, which vacated a habeas corpus petitioner's 1994 felony-murder special-circumstance true finding because the evidence was insufficient to establish the petitioner acted with reckless indifference to human life in light of the factors subsequently identified in *Clark*. (*In re Taylor*, at pp. 546, 557, 563.) The *In re Taylor* court declined to decide whether the defendant was therefore entitled to have his murder conviction vacated under Senate Bill 1437, instead finding the defendant needed to file a section 1172.6 petition in the trial court. (*In re Taylor*, at pp. 561-562.)

To the extent defendant here is arguing he was entitled to an evidentiary hearing because the evidence was insufficient to establish under *Banks* and *Clark* that he aided and abetted as a major participant and with reckless indifference to human life, this court already rejected this argument in defendant's direct appeal from his original conviction. (*Stroupe*, *supra*, C086068.) Regardless, we decline to consider the issue because defendant here has appealed from a section 1172.6 petition, and section 1172.6 "does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

To the extent defendant is arguing the trial court erred in determining he is ineligible for relief under section 1172.6 as a matter of law, we disagree. In *Strong*, our Supreme Court considered the effect a jury's true finding on a robbery-murder special-circumstance allegation would have on a section 1172.6 petition. (*Strong*, *supra*,

6

13 Cal.5th at p. 698.) The court held that such findings made before *Banks* and *Clark* would not preclude a defendant from making a prima facie case for relief under section 1172.6 because those two decisions "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong*, at pp. 710, 717.)

However, such findings made after *Banks* and *Clark* will "ordinarily establish a defendant's ineligibility for resentencing under Senate Bill 1437 and thus preclude the defendant from making a prima facie case for relief." (*Strong*, *supra*, 13 Cal.5th at p. 710.) In addition to clarifying who can be held liable for felony murder, section 189, subdivision (e)(3) now ties the definitions of "major participant" and "reckless indifference" to the felony-murder special circumstance (§ 190.2, subd. (d)), meaning section 189 now incorporates the clarifications to those terms as explained in *Banks* and *Clark*. (*Strong*, at pp. 708, 710.) Thus, although the mandatory jury instructions did not change after *Banks* and *Clark*, "much else about the trial environment did." (*Strong*, at p. 719.) More specifically, the clarifications of *Banks* and *Clark* altered arguments, evidence, and strategies available to trial counsel, including optional additional jury instructions. (*Strong*, at pp. 719-720.)

As our Supreme Court has explained, "a relevant jury finding is generally preclusive in section 1172.6 proceedings, i.e., it 'ordinarily establish[es] a defendant's ineligibility for resentencing under Senate Bill 1437 and thus preclude[s] the defendant from making a prima facie case for relief.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 453-454.)

Here, defendant's trial took place after *Banks* and *Clark* were decided, meaning the robbery-murder special circumstance was litigated in the "trial environment" changed by those decisions. Defendant's trial counsel had the opportunity to make arguments about the *Banks/Clark* factors, present evidence guided by those factors, and even request optional jury instructions inspired by those factors. (See *Strong*, *supra*, 13 Cal.5th at

7

pp. 719-720.) Moreover, defendant had the opportunity on direct appeal to address whether sufficient evidence supported the jury's true finding on the robbery-murder special circumstance. As such, defendant is precluded from relitigating the issue in his section 1172.6 petition, and he is bound by the jury's true finding that he either was the actual killer, intended to kill, or was a major participant who acted with reckless indifference to human life. Regardless of whether defendant's third petition is successive, defendant would still be guilty of murder today, making him ineligible for resentencing relief under section 1172.6 as a matter of law.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
MAURO, J.

8